**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **DARRIS DEMOND ADAMS** | **DOCKET NO. 2:26-cv-0570** |
| **B.O.P. # 93260-510** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN OAKDALE LOW I** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Darris Demond Adams.  Doc. 1. Adams is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I.      **BACKGROUND**

Through the instant petition, Adams challenges the BOP's "miscalculat[ion] [of] prior jail credit."  Doc. 1, p. 2.  Specifically, he contends that while he has been incarcerated since June 14, 2022, the BOP did not begin to calculate his sentence until May 8, 2024, which has resulted in the loss of 23 months of prior jail credit.  *Id*. at p. 5.  Adams concedes he has not exhausted his administrative remedies.

## II.    LAW & ANALYSIS

### A.  Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37-38, 92 S. Ct. 815, 31 L. Ed. 2d 17 (1972) (citations omitted); *see also Chavez v. Bragg*, EP-09-CV-6-KC, 2009 U.S. Dist. LEXIS 18864, 2009 WL 506549, at *1 (W.D. Tex. Jan. 21, 2009) (noting that "[e]xhaustion serves the twin purposes of protecting administrative agency

authority and promoting judicial efficiency," and that "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted"; further noting that exhaustion "may produce a useful record for subsequent judicial consideration") (internal citations and quotation marks omitted).

Moreover, the United States Fifth Circuit Court of Appeals has long held that the BOP should be permitted to administratively rectify the error if it failed to properly calculate a sentence. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (explaining that an agency should be given the opportunity to correct its own errors before a party seeks judicial intervention). "In the event that a prisoner feels he has been improperly refused credit for time he has served in ... custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)), *aff'd*, 566 U.S. 231, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition").

Consequently, Adams "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the agency with custody over him. *Cf. Woodford v. Ngo*, 548 U.S 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). "The fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'At*, 2022 U.S. Dist. LEXIS 175488, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden,*, 2018 U.S. Dist. LEXIS 40980, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 U.S. Dist. LEXIS 102542, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).  A petitioner bears the burden of demonstrating such circumstances.

The Court finds that Adams has failed to exhaust his administrative remedies or carry his burden of proving the futility of administrative review. *Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241"). Dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877-78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). Accordingly, the petition should be dismissed without prejudice.

## III.    CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 17th day of April, 2026.

_____

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE